| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF CARVER | FIRST JUDICIAL DISTRICT |

| | |
|---|---|
| Stephen Barnes,<br><br>                    Plaintiff,<br><br>vs.<br><br>Tractel, Inc.,<br><br>                    Defendant. | Court File No.:_____<br><br>Case Type: Employment<br><br><br><br>**SUMMONS** |

THIS SUMMONS IS DIRECTED TO DEFENDANT TRACTEL, INC., AT ITS REGISTERED AGENT'S OFFICE: CT CORPORATION SYSTEM, INC., 1010 DALE STREET NORTH, ST. PAUL, MINNESOTA 55117

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

   HALUNEN LAW
   1650 IDS Center
   80 South Eighth Street
   Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint,

**EXHIBIT**
**A**

you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 13, 2022                                      **HALUNEN LAW**

*/s/ Blaine L.M. Balow*
Blaine L.M. Balow #0396370
Clayton D. Halunen #0219721
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
*balow@halunenlaw.com*
*halunen@halunenlaw.com*

***ATTORNEYS FOR PLAINTIFF***

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF CARVER | FIRST JUDICIAL DISTRICT |

| | |
|---|---|
| Stephen Barnes,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Tractel, Inc.,<br><br>　　　　　Defendant. | Court File No.:_____<br><br>Case Type: Employment<br><br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW the Plaintiff, Stephen Barnes, for his Complaint against the Defendant, Tractel, Inc., and hereby respectfully states and alleges as follows:

## PARTIES

1. Plaintiff is a 60-year-old, male resident of City of Chaska, Minnesota.

2. Defendant is a safety specialist company in the field of industrial, construction, energy, telecoms, and infrastructure projects, with its principle place of business located at 4064 Peavey Road, Chaska, MN 55318.

3. At all times relevant hereto, Plaintiff and Defendant were "employee" and "employer," respectively, within the meaning of the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A., subdivs. 15 and 16, and the Minnesota Whistleblower Act ("MWA"), Minn. Stat. § 181.931, subdivs. 2 and 3.

4. At the time of the incidents described herein, Plaintiff was an employee of Defendant and performed work for Defendant in the State of Minnesota, including in the County of Carver and Defendant's Chaska facility.

## JURISDICTION AND VENUE

5. This is an action brought to remedy Tractel's discriminatory and retaliatory conduct directed at Plaintiff on the basis of his age, and for reporting violations of the law.

6. Plaintiff invokes the jurisdiction of this Court, because the violations of law described herein occurred in the State of Minnesota and involve Minnesota law.

7. Venue is proper in this Court pursuant to Minn. Stat. § 542.09 because the causes of action alleged herein, or some part thereof, arose in Carver County.

## FACTS

8. Plaintiff began his employment at BlueWater Manufacturing ("BlueWater"), serving as Operations Manager for Defendant's Chaska, Minnesota, facility from January 2008 to January 2022. He wasresponsible for all aspects of operations, including production management, inventory, warehouse management, information technology, facilities, and general day-to-day business. He retained that title until his termination.

9. At the beginning of his employment for BlueWater, Plaintiff reported directly to the owners of the Company. BlueWater was sold to Safety Products Group in February 2014, continuing to operate under the business name of BlueWater Manufacturing. Plaintiff continued to report to one of the owners of BlueWater who was kept on in the role of Vice President of Operations.

10. In or around June of 2016, Safety Product Group sold BlueWater to Tractel, Inc. At this time, Plaintiff continued to report to the same individual for three more years until that supervisor's employment agreement was terminated. Plaintiff then reported to Scott Friedman, the General Manager and Vice President of Sales, until Plaintiff's termination.

11. In or around October 2021, Plaintiff and the rest of the Chaska branch were informed by Herve Ros, Vice President of Solutions – North America, that a restructuring would be taking place within the Company. Specifically, an office in Toronto, Canada, would be overseeing the Chaska and Houston manufacturing hubs.

12. Despite this change, Plaintiff's position remained unaffected. No one from the Company at that time or in the ensuing months suggested the restructuring might adversely impact Plaintiff's continued employment.

13. Starting in 2020, Plaintiff was instructed to lie to customers regarding inventory availability and generate invoices prior to shipping orders to customers.

14. Plaintiff was told there was no alternative, yet this was explicitly against both Company policy and Plaintiff's understanding of the law relative to the premature creation of invoices. This method of invoicing caused significant difficulty tracking inventory, as product had not yet been shipped – and oftentimes the inventory was not even present in the warehouse.

15. In the six months leading up to his termination, the fraudulent invoicing scheme became worse in terms of frequency and creation date. For example, Plaintiff was instructed to generate invoices several weeks ahead of shipping, once for a customer without a valid purchase order agreement. The frequency and degree of the fraudulent invoicing raised significant red flags for Plaintiff, as he believed the practice to be against company police and a likely violation of law. He repeatedly expressed his frustrations and concerns over this practice along with the general challenges of invoicing prior to shipping to both Friedman, and to Tractel Controller, Ronald Pavloske. Both indicated the need to continue the invoicing scheme due to demands by upper management and expressed that Plaintiff had no choice but to continue with that process.

16. In early November 2021, Plaintiff reported his concerns regarding the fraudulent invoicing scheme in a management Microsoft Teams call in early November 2021 to Friedman and Pavloske. Specifically, Plaintiff expressed an extreme concern over the fraudulent nature of invoicing and that the Company was essentially lying to customers and misleading distribution partners about inventory availability and the Company's ability to meet demands. Friedman became extremely angry with Plaintiff for voicing his concerns. Indeed, the Teams call ended abruptly when Friedman walked out of his conference room in Houston.

17. Less than two months after this Teams call, on January 4, 2022, Ros provided Plaintiff of his immediate termination. According to the Company, it decided to terminate him because his position was "redundant" in light of the restructuring, but that no one else was considered for termination.

18. It is Plaintiff's understanding that no other employee in the Chaska facility complained of the fraudulent invoicing scheme.

19. Upon information and belief, Plaintiff was the oldest employee in his division at the Chaska facility at the time of his termination.

20. Upon information and belief, the individual the assumed Plaintiff's job functions is significantly younger than Plaintiff.

## CLAIMS

### COUNT I

#### AGE DISCRIMINATION IN VIOLATION OF THE MHRA
#### MINN. STAT. § 363A.01, *et seq.*

21. Plaintiff re-alleges each and every paragraph of this Complaint as if fully re-written herein.

22. Defendant, through its managers and officials acting on its behalf and within the scope of their employments, engaged in unlawful employment practices with respect to Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. § 363A.01, *et seq.* These practices include taking adverse action against Plaintiff which materially affected the terms, conditions, and privileges of his employment, because of his age.

23. Plaintiff was qualified to perform the essential functions of his job.

24. Plaintiff's age was a motivating factor in Defendant's termination of his employment.

25. Plaintiff suffered an adverse employment action when Defendant terminated his employment on January 4, 2022.

26. The effect of the unlawful employment practices described above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

27. The unlawful practices described above were intentional and were performed by Defendant with reckless disregard for the rights of Plaintiff.

28. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## COUNT II

### RETALIATION IN VIOLATION OF THE MINNESOTA WHISTLEBLOWER ACT

29. Plaintiff re-alleges each and every paragraph of this Complaint as if fully re-written herein.

30. The MWA provides, in relevant part, that:

> An employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:
>
> (1) the employee, or a person acting on behalf of an employee, in good faith, reports a violation, suspected violation, or planned violation of any federal or state law or common law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official.

Minn. Stat. § 181.932, subd. 1(1).

31. As used in the MWA, the term "report" means "a verbal, written, or electronic communication by an employee about an actual, suspected, or planned violation of a statute, regulation, or common law, whether committed by an employer or a third party." Minn. Stat. § 181.931, subd. 6.

32. As set forth in the preceding paragraphs, Plaintiff made good faith verbal reports to Messrs. Friedman and Pavloske of conduct on Defendant's part that he, in good faith, believed to constitute a violation, suspected violation, or planned violation of state, federal, or common law, or of rules adopted pursuant to law. His report implicated state and federal consumer protection laws, including but not limited to the Minnesota Consumer Fraud Act and Federal Mail Fraud; Minn. Stat. § 325F.69 subd. 4, 39 U.S.C. 3001, respectively.

33. Defendant retaliated against Plaintiff by terminating his employment for his reports of legal violations, suspected violations, or planned violations of state, federal, or common law, or of rules adopted pursuant to law

34. Plaintiff's reports of legal violations, suspected violations, or planned violations of state, federal, or common law, or of rules adopted pursuant to law were a motivating factor for his termination.

35. The adverse employment actions described herein constitute violations of the MWA, Minn. Stat. § 181.931, *et seq.*

36. The unlawful practices described above were intentional and were performed by Defendant with reckless disregard for the rights of Plaintiff.

37. As a direct and proximate result of Defendant's violation of the MWA, Plaintiff Plaintiff has suffered, and will continue to suffer lost wages and benefits, emotional distress, humiliation, pain and suffering, loss of reputation, and other damages, and he has incurred attorneys' fees and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

a. That the practices of Defendant complained of herein be adjudged, decreed, and declared to be violations of the rights secured to Plaintiff.

b. That Defendant be required to make Plaintiff whole for its adverse, discriminatory and retaliatory actions through restitution in the form of back pay with interest of an appropriate inflation factor.

c. That Plaintiff be awarded front pay and the monetary value of any employment benefits he would have been entitled to in his position with Defendant.

d. That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

e. That Plaintiff be awarded other compensatory damages, including but not limited to emotional distress and mental anguish, in an amount to be established at trial.

f. That Plaintiff be awarded treble and punitive damages as permitted by statute.

g.  That the Court award Plaintiff his attorneys' fees, costs, and disbursements pursuant to state law.

h.  That the Court grant such other and further relief as it deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE JURY IS AVAILABLE.**

Dated: May 13, 2022.                    **HALUNEN LAW**

*/s/ Blaine L.M. Balow*
Blaine L.M. Balow #0396370
Clayton D. Halunen #0219721
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
*balow@halunenlaw.com*
*halunen@halunenlaw.com*

***ATTORNEYS FOR PLAINTIFF***

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements, sanctions, and reasonable attorneys' fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated: May 13, 2022.

*/s/ Blaine L.M. Balow*
Blaine L.M. Balow